1

2

3

4

5

6

7

8                                   **UNITED STATES DISTRICT COURT**

9                                  **EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES R. PORCHO,                              )   Case No.: 1:16-cv-01125-JLT
                                                   )
12            Petitioner,                          )   ORDER REQUIRING PETITIONER TO SUBMIT
                                                   )   AN AMENDED PETITION
13        v.                                       )
                                                   )   THIRTY DAY DEADLINE
14   DANIEL PARAMO, Warden,                        )
                                                   )   ORDER DIRECTING CLERK OF THE COURT TO
15            Respondent.                          )   SEND PETITIONER A FORM FOR FILING
                                                   )   HABEAS CORPUS PETITION PURSUANT TO 28
16   _____       )   U.S.C. § 2254

17            Petitioner claims he has evidence that a key witness has recanted his trial testimony.  However,

18   the petitioner has failed to provide a copy of the declaration demonstrating the recantation.  Thus, the

19   Court will **ORDER** the petitioner to file a first amended petition within 30 days.

20                                    **PROCEDURAL HISTORY**

21        A.   Procedural Grounds for Summary Dismissal.

22        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23        If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled
          to relief in the district court, the judge must dismiss the petition and direct the clerk to notify
24        the petitioner.

25        The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

26   of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

27   dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

28   dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were

                                                     1

1    such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2            B.    Insufficient Information and Failure to State a Cognizable Habeas Claim

3            A preliminary review of the petition indicates that Petitioner has not provided sufficient

4    information regarding his claims for this case to proceed.

5            Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

6            "…shall specify all the grounds for relief which are available to the petitioner and
       of which he has or by the exercise of reasonable diligence should have knowledge and
7       shall set forth in summary form the facts supporting each of the grounds thus specified."

8    Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory

9    Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is

10   expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee

11   Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

12           Petitioner challenges his Kern County Superior Court conviction for four counts of lewd acts

13   upon a minor under the age of fourteen.  Petitioner contends that newly discovered evidence, in the

14   form of a 2014 notarized declaration by Lloyd R., establishes that the victim was not sexually assaulted

15   by Petitioner and that the victim was pressured into naming Petitioner by authorities because Lloyd R.

16   did not know any better.

17           However, Petitioner has not included a copy of the purported recantation.  Absent such

18   evidence, the petition is merely a brief collection of self-serving and conclusory allegations, none of

19   which are supported by any relevant or admissible evidence.  It is Petitioner's responsibility to specify

20   all grounds for relief *and to provide sufficient factual allegations* for the Court to determine what

21   *claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional*

22   *violations upon which this Court's habeas jurisdiction is predicated*.  Petitioner has failed to meet these

23   minimal pleading requirements.  Accordingly, Petitioner will be required to submit a first amended

24   petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual

25   allegations, in order for this case to proceed.

26           Accordingly, the Court **ORDERS**:

27           1.   The instant petition for writ of habeas corpus is hereby **DISMISSED**.  Petitioner is

28                 **GRANTED** 30 days from the date of service of this Order to file a first amended petition

2

1   that complies with this order.

2      2.  The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for

3         petitioners filing pursuant to 28 U.S.C. § 2254.

4        Petitioner is forewarned that his failure to comply with this Order may result in an Order of

5   Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

6

7   IT IS SO ORDERED.

8      Dated:   **August 10, 2016**           **/s/ Jennifer L. Thurston**

9                                      UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28