UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. PORCHO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　Respondent. | Case No.: 1:16-cv-01125-JLT<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |

In 2004, Petitioner was convicted of lewd and lascivious acts on a minor under the age of fourteen. The Kern County Superior Court sentenced him to a term of 105-years-to-life. On July 11, 2016, Petitioner filed this petition for writ of habeas corpus. Petitioner claims he is actually innocent of the underlying conviction based on a key witness' recantation of trial testimony. The Court screened and dismissed the petition on August 11, 2016, because Petitioner failed to provide a copy of the notarized declaration evincing the recantation. On August 22, 2016, Petitioner filed a First Amended Petition wherein he attached a copy of the notarized recantation. Upon review of the petition and recantation evidence, the Court concludes that Petitioner fails to establish a freestanding claim of actual innocence and therefore recommends that the petition be **DISMISSED**.

I.　　**PROCEDURAL HISTORY**

Petitioner is in the custody of the California Department of Corrections and Rehabilitation

1

serving an indeterminate sentence of 105-years-to-life.  The sentence was imposed by the Superior Court of California, County of Kern, after his 2004 conviction for lewd and lascivious acts with a minor under the age of fourteen.

In 2014, Petitioner obtained a notarized affidavit from one of the victims, Lloyd R., in which the victim recanted his trial testimony.  Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court on September 11, 2015.  (Doc. No. 1, Attach. 1.)  He claimed he was actually innocent of the underlying conviction based on newly discovered evidence in the form of the recantation testimony.  On November 25, 2015, the Kern County Superior Court denied the petition after determining that "the overwhelming weight of the evidence" left the court "with the unassailable conclusion that Petitioner not only committed the acts against his step-children, but he also has a predisposition to commit deviant sexual acts as shown by his 1959 and 1960 convictions for lewd and lascivious acts on minor children."  (Doc. No. 1, Attach. 1.)  Petitioner then filed a habeas petition in the California Court of Appeal, Fifth Appellate District.  The appeal was summarily denied on December 24, 2015.  (Doc. No. 1, Attach. 2.)  Finally, he petitioned to the California Supreme Court, and the petition was summarily denied on May 11, 2016.

## II.    GROUNDS FOR SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## III.   FREESTANDING CLAIM OF ACTUAL INNOCENCE

Petitioner challenges his Kern County Superior Court conviction for four counts of lewd acts upon a minor under the age of fourteen.  Petitioner contends that newly discovered evidence, in the

2

form of a 2014 notarized declaration by Lloyd R., establishes that the victim was not sexually assaulted by Petitioner and that the victim was pressured into naming Petitioner by authorities because Lloyd R. did not know any better. Petitioner has submitted what purports to be a copy of a notarized affidavit of Lloyd R. in which Lloyd R. states the following:

> I, Lloyd R[.], in regards to James R. Porcho case number BF105497A, I'm writing this statement that my grandpa did not child molest me, touch me in any way. I was told to say that and I was very young and did not know any better.

(Doc. No. 1, Ex. A.) Petitioner claims this evidence establishes that he is actually innocent of the underlying conviction.

### A. Legal Standard

The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1931 (2013). Likewise, the Ninth Circuit has not decided whether such a claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although it has assumed that such a claim is viable. Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014). The Ninth Circuit has stated that "[t]he standard for establishing a freestanding claim of actual innocence is 'extraordinarily high' and . . . the showing [for a successful claim] would have to be 'truly persuasive.' Id. (citing Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir.1997)). "[A]t a minimum, the petitioner must 'go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'" Id.

In reviewing a freestanding claim of actual innocence, the Ninth Circuit has referred to the standard set forth in Schlup v. Delo, 513 U.S. 298 (1995), concerning actual innocence in the context of procedural default. To satisfy the Schlup actual innocence standard, the petitioner must demonstrate that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup, 513 U.S. at 327). "This new evidence must be reliable, and the reviewing court 'may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'" Jones, 763 F.3d at 1247 (quoting Schlup, 513 U.S. at 332). The reviewing court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would

govern at trial." House, 547 U.S. at 538.  "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 329).

     B. Analysis

Petitioner claims he is actually innocent of the underlying conviction for lewd and lascivious acts because one of the two witnesses allegedly recanted his trial testimony.  Assuming a freestanding claim of actual innocence is cognizable, Petitioner has failed to establish such a claim in this case.

As a general matter, "[r]ecantation testimony is properly viewed with great suspicion." Dobbert v. Wainwright, 468 U.S. 1231, 1233 (1984).  Here, the evidence is even more suspect. Petitioner relies only on a copy of a purported affidavit by the victim.   Furthermore, the affidavit is presented to the courts ten years after the fact, by the petitioner's grandson, and it is uncorroborated by any other evidence whatsoever.

Even assuming the document is what it purports to be, Petitioner does not and cannot satisfy the actual innocence standard of Schlup as applied in House, Jackson, and Carriger.  In House, the Ninth Circuit noted that new DNA evidence showed the semen found on the victim was not the petitioner's, thereby negating the prosecution's theory of motive and undermining the petitioner's link to the crime scene. House, 547 U.S. at 540-41.  Also, new scientific evidence was presented that showed the blood that was discovered in the petitioner's clothes could not have come from the victim while she was alive. Id. at 542-46.  In addition, multiple, disinterested witnesses testified to facts that implicated a different suspect, and independent evidence supported their testimony. Id. at 548-53. Despite this new evidence, the Ninth Circuit found the evidence was insufficient to meet the high standard required for a freestanding claim of actual innocence. Id. at 553-55.  The court noted that several pieces of evidence remained uncontested that pointed to the petitioner's guilt. Id.

In Jackson v. Calderon, 211 F.3d 1148 (9th Cir. 2000), the Ninth Circuit rejected a freestanding claim of actual innocence that was based on new scientific evidence.  The petitioner had presented new expert medical testimony that showed, to a 95 percent medical certainty, that the petitioner could not have had the requisite premeditation and specific intent to kill since he was intoxicated with PCP at the time of the murder. Id. at 1165.  The Ninth Circuit noted that this evidence cast doubt on the

petitioner's guilt, but it was insufficient to warrant relief since another doctor testified that the petitioner's level of intoxication would not necessarily render him unable to process thought, premeditate, deliberate, and intend to kill. Id.

In Carriger, 123 F.3d at 447, the Ninth Circuit rejected a claim of actual innocence despite another suspect having reliably confessed to the murder. The Ninth Circuit noted that the confessing suspect described details of the crime that only a participant would have known and boasted that the petitioner had been set up. Id. at 478-79. In addition, all other evidence pointed as much to the new suspect as to the petitioner. Id. The Ninth Circuit denied the claim since the petitioner had presented no evidence showing he was elsewhere at the time of the crime, or evidence that would preclude any possibility of his guilt. Id. at 477.

In this case, Petitioner completely fails to account for the second victim and witness in the crime, Stevie S. According to the facts as determined by the Kern County Superior Court,[1] Stevie S. testified that during the period of September 2, 2001, through February 23, 2004, Petitioner engaged in such acts as touching her vaginal area and rubbing her buttock with his penis until he ejaculated. (Doc. No. 1, p. 14.) In addition to this evidence, Petitioner admitted to detectives that he "made mistakes and couldn't quell certain sexual desires" and he asked if he could be sent to Atascadero State Hospital. (Doc. No. 1 at p. 15.) The state court noted that the victims' stories were corroborated by physical evidence found in the search of Petitioner's trailer. Also, the state court noted that Petitioner had twice before been convicted of lewd and lascivious acts with a minor.

In considering the recantation testimony along with the evidence noted above, the Court finds that Petitioner fails to make a prima facie showing that he is probably innocent. Petitioner does not cast doubt on his guilt or show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" House, 547 U.S. at 537. This case is certainly not one of "conclusive exoneration." Jones, 763 F.3d at 1247. Therefore, the Court recommends that the petition be summarily rejected.

///

---

[1] Factual determinations made by the state court are presumed correct. 28 U.S.C. § 2254(e)(1).

## IV. ORDER

The Clerk of the Court is HEREBY DIRECTED to assign a United States District Court judge to this case.

## V. RECOMMENDATION

The Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **September 8, 2016**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE